UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **KEVIN D. MILLER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO.  1:07-CV-231 |
| ) | |
| **ACCOUNT MANAGEMENT SERVICES,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Before the Court is a "Request for Entry of Default" (Docket # 22) filed by *pro se* Plaintiff Kevin Miller on October 11, 2007, requesting that the Court direct the Clerk to enter a default against Defendant Account Management Services ("AMS") pursuant to Federal Rule of Civil Procedure 55(a).[1]  Miller's request for an entry of default, however, will be denied because it is premature.

To elaborate, Miller explains that he sent the Summons and Complaint to AMS via certified mail, return receipt requested, on two separate occasions – September 11, 2007, and September 26, 2007, and that both times the certified mail receipt was returned marked "refused." (*See* Aff. in Supp. of Req. for Entry of Default ¶¶ 2, 3, Ex. 1, Ex. 2b.)  According to Miller's logic, he is now entitled to an entry of default against AMS because by refusing service of process, AMS "failed to plead or otherwise defend" this action. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these

---

[1] Miller also filed a Motion for Default Judgment (Docket # 24), but absent a default, the Motion for Default Judgment is moot.

rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."). Miller's logic, however, fails to span several gaps in the record. The first is that Miller's attempt at service to AMS on September 11, 2007, was ineffective, as he sent the certified mail to "Account Management Services currently d/b/a Asset Partners of Western NY" rather than to its "executive officer" or an "agent appointed or deemed by law to have been appointed to receive service."[2] *See* Ind. Trial Rule 4.6(A)(1). The second gap is that while Miller remedied his initial misstep on September 26, 2007, by mailing the second Summons and Complaint to AMS's "Highest Executive Officer," he failed to allow AMS adequate time to answer or otherwise respond to his pleading before filing his request for an entry of default. *See* Fed. R. Civ. P. 12(1)(A) ("[A] defendant shall serve an answer . . . within 20 days after being served with the summons and complaint . . . ."); *Adatsi v. Mathur*, 934 F.2d 910 (7th Cir. 1991); *Henderson v. Biel*, No. 1:05-cv-1485-JDT-TAB, 2007 WL 2286129, at *4-8 (S.D. Ind. Aug. 7, 2007). Thus, even if Miller's second attempt at service was deemed effective, *see* Ind. Trial Rule 4.16(A)(1) ("A person who has refused to accept the offer or tender of the papers being served thereafter may not challenge the service of those papers."), a decision we need not reach at this juncture, his request for an entry of default is seemingly premature.

Consequently, Miller's Request for Entry of Default (Docket # 22) is DENIED, and his Motion for Default Judgment (Docket # 24) is MOOT. The Clerk is directed to mail a copy of this Opinion and Order to the Highest Executive Officer of Account Management Services, LLC d/b/a

---

[2] Since Miller attempted service by certified mail rather than by "delivering" the Summons and Complaint in accordance with Federal Rule of Civil Procedure 4(h)(1), he apparently was proceeding under Federal Rule of Civil Procedure 4(e)(1), which states that service may be performed "pursuant to the law of the state in which the district court is located." The Indiana Trial Rules provide for service by certified mail. *See* Ind. Trial Rules 4(D), 4.11.

Asset Partners of Western New York, LLC, 400 Linden Oaks Drive, Rochester, New York, 14625.

SO ORDERED.

Entered this 17th day of October, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge