UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEVIN D. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:07-CV-231 |
| ) | |
| ACCOUNT MANAGEMENT ) | |
| SERVICES, LLC, *et al.*, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This case is an action brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.*, by the *pro se* Plaintiff Kevin D. Miller ("Miller") against a number of Defendants, including an entity he lists as Account Management Services of North America, LLC ("AMS"). The legal basis for Miller's claim against AMS, however, is not something that the Court needs to address at the present time because AMS raises something a little more fundamental.

On November 6, 2007, AMS filed a "Non-Party Petition to Clarify Proper Defendant" ("Petition") (Docket # 30), asserting generally that Miller has sued the wrong entity and that he should instead be suing Asset Partners of Western New York, LLC, a Delaware limited liability company. Consequently, AMS requests that "the Court amend the caption to reflect the proper Defendant . . . and further find that the Complaint does not state a claim against AMS, a New York limited liability company, and that AMS is not a proper party to this litigation . . . [.]" (Petition 2-3.)

Miller's response (Docket # 38) indicates that while AMS styles itself as a "non-party," it seems to be requesting relief under Federal Rule of Civil Procedure 12(b), or perhaps even

Federal Rule of Civil Procedure 56, and therefore should file one of those motions, not the oddly-entitled "Non-Party Petition to Clarify Proper Defendant."

AMS replied on November 26, 2007, and maintains that it was not even formed as a legal entity until after the events Miller complains about, and therefore could not be responsible as a matter of law for anything that Miller alleges in his Complaint. (Docket # 40.)  As AMS sees it, "the Court clearly has the power to clarify the proper Defendant so as to avoid any confusion in the future." (Reply 2.)

All of this led Miller to file a Motion to Deem Service Completed Upon [AMS] or alternatively, Declare that Service Upon Mark Bohn or Carl Steinbrenner Constitutes Service Upon AMS. (Docket # 48.)  A review of Miller's filing indicates that he does not believe that he has the wrong entity, and that AMS, which he maintains is notoriously elusive when they are sued (which he contends is quite frequent), is in fact the responsible party for what he alleges in his Complaint.

Because AMS should file a motion to dismiss under Rule 12(b)(4) or 12(b)(6) if its position is to be credited, its Petition as a "non-party" will be DENIED.   Similarly, Miller's latest motion seeking some sort of judicial determination that AMS was properly served, is best left for consideration in connection with a motion for the entry of a default, or possibly in response to any motion to dismiss that AMS might file under Rule 12(b)(4); thus, it becomes moot once we deny AMS's Petition.[1]

In a nutshell, AMS's highly ambiguous Petition to "clarify" the proper defendant has

---

[1] Of course, presumably at this point, any motion for the entry of a default would require written notice of the application at least three days before any hearing. Fed. R. Civ. P. 55(b)(2).

seemingly spawned confusion, rather than eliminated it.  We do not interpret the Petition as a motion to dismiss; after all, it does not cite to Rule 12(b)(6) though dismissal with prejudice seems to be the relief it seeks.  Moreover, if we were to interpret the Petition as a Rule 12(b)(6) motion, that ostensible act of charity might preclude AMS from later advancing other defenses or objections, such as insufficient process under Rule 12(b)(4). *See* Fed. R. Civ. P. 12(g)(2).  Finally, AMS offers no authority, and we are unfamiliar with any, that would authorize such sweeping relief in favor of a "non-party" and offered in the guise of clarifying the proper defendant.

     We mention Rule 12(b)(4) somewhat in passing because AMS contends that Miller erred in naming the proper defendant, giving rise presumably to a motion to dismiss for insufficient process. *See Knox v. Pendergast*, No. 06-C-61, 2007 WL 1413681, at *3 (E.D. Wis. May 11, 2007) ("Deficiencies cognizable under Rule 12(b)(4) include errors in naming the proper defendant . . . ." (citing *O'Brien v. O'Brien & Assoc., Inc.*, 998 F.2d 1394, 1400 (7th Cir. 1993))); *Bilal v. Rotec Indus., Inc.*, No. 03 C 9220, 2004 WL 1794918, at *4 (N.D. Ill. Aug. 5, 2004) ("Rule 12(b)(4) is concerned with the form of the summons . . . . Deficiencies cognizable under Rule 12(b)(4) include errors in naming the proper defendant . . . ." (citing *O'Brien*, 998 F.2d at 1400)).  Of course, if AMS wishes to advance this argument, it can do so in any future global motion to dismiss under Federal Rule of Civil Procedure 12(g)(2).

     Moreover, if AMS truly wishes to argue that Miller's Complaint fails to state a claim upon which relief can be granted, it can file a Rule 12(b)(6) motion. *Bilal*, 2004 WL 1794918, at *4 ("A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint." (citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990))).  Of course, if AMS's

motion is supported by affidavits, it may be converted into a motion for summary judgment under Rule 56(b).

In summary, if AMS is correct in its assumption that Miller has sued and served the wrong entity, it can file a motion to dismiss; however, in the meantime, AMS's "non-party" Petition (Docket # 30) is DENIED.  Miller's motion for a judicial determination concerning the adequacy of the service on AMS is thus rendered MOOT.  In addition, both Miller and AMS are admonished that any factual contentions they make in this Court must either have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b)(4).

SO ORDERED.

Enter for this 20th day of December, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge