```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                       FORT WAYNE DIVISION


KEVIN D. MILLER,                  )
                                  )
Plaintiff,                        )
                                  )
vs.                               )    NO. 1:07-CV-231
                                  )
ACCOUNT MANAGEMENT                )
SERVICES, LLC, et al.             )
                                  )
Defendant.                        )
```

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion for Rule to Show Cause, filed by Plaintiff, Kevin D. Miller, on December 13, 2007 (DE #47). For the reasons stated below, the motion is **DENIED**. The Court **WARNS** Account Management Services' counsel that she is expected to continue to mail every future filing in this case to pro se Plaintiff by first class United States mail, postage prepaid.

BACKGROUND

Pro se Plaintiff filed the instant Motion for Rule to Show Cause on December 13, 2007. Plaintiff requests an order requiring counsel for Defendant, Account Management Services, LLC ("AMS"), to show cause why she should not be sanctioned, held in contempt of

Court, or otherwise punished.  Specifically, Plaintiff argues that although AMS' counsel filed an appearance (DE #29) and a motion entitled "Non-party Petition to Clarify Proper Defendant" (DE #30), AMS' counsel failed to mail either document to Plaintiff. Plaintiff also contends that AMS' reply in support of the motion to clarify proper defendant (DE #40), was untimely, and was not served upon him either.  Plaintiff attests through an affidavit that the first and only document he received from AMS' counsel was her response to the instant motion for rule to show cause (DE #51).

In response, AMS' counsel states that in accordance with the certificates of service, the petition to clarify proper defendant and reply were both mailed to Plaintiff by first class United States mail, postage prepaid, on the dates indicated on the certificates of service.  Additionally, AMS claims its reply was timely filed.

DISCUSSION

Request for Contempt or Sanctions

It is unclear under what rule Miller seeks sanctions against AMS' counsel.  Federal Rule of Civil Procedure Rule 26 relates to the duty of disclosure, which seems inapplicable to the facts of this case.  Rule 11 seems like a closer possible fit because it relates to representations made to the Court, however, it enumerates the bases for sanctions as follows: presenting a

2

document or written motion for an improper purpose such as harassment or delay; having no legal basis for a claim or defense; having no evidentiary support for allegations or factual contentions; or making denials of factual contentions which are not warranted. Fed. R. Civ. P. 11(b). Rule 11 does not specifically provide for sanctions for failure of service. Moreover, "[i]n order to prevail on a contempt petition, the complaining party must demonstrate by clear and convincing evidence that the respondent has violated the express and unequivocal command of a *court order*." *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 460 (7th Cir. 1993)(emphasis in original). No such Court order exists in this case.

Plaintiff makes no contention that AMS' alleged failure to mail him documents has prejudiced or harmed him. In fact, Plaintiff does not dispute that he discovered the existence of counsel's November 6, 2007 filings, and shortly thereafter filed an opposition brief on November 9, 2007. Even assuming, *arguendo*, that AMS' counsel did not mail the filings to Plaintiff (which runs contrary to AMS' counsel's written assurances to the Court that the petition to clarify proper defendant and reply were both mailed to Plaintiff by first class United States mail, postage prepaid, on the dates indicated on the certificates of service), because there has been no prejudice, any such alleged violation does not merit the harsh sanction of contempt. This Court does warn AMS' counsel

3

that it is expected to continue to mail every future filing in this case to Plaintiff by first class United States mail, postage prepaid.

Timeliness of the Reply

Plaintiff is incorrect in his argument that Account Management Services' reply in support of the motion to clarify proper defendant (DE #40) is untimely. Plaintiff's response in opposition to the motion was filed on November 9, 2007 (DE #38). The moving party has seven (7) days after service of a response in which to serve and file a reply. N.D. IND. L.R. 7.1. The local rules provide that time shall be computed as provided in Federal Rule of Civil Procedure Rule 6. Rule 6(a) provides that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a). An additional three (3) days are added to the time period if service is made by mail, as it was in this case. Fed. R. Civ. P. 6(b), 5(b)(2)(B). Finally, Thanksgiving (November 22, 2007) is considered a "legal holiday." Fed. R. Civ. P. 6(a). Thus, after adding the additional time allowed for service by mail and excepting intermediate Saturdays, Sundays, and legal holidays (Thanksgiving), AMS' reply was due on November 27, 2007. The reply was actually filed one day early, on November 26, 2007, and is therefore timely. Regardless,

4

Plaintiff's argument about the timeliness of AMS' reply to the motion to clarify proper defendant is probably moot because Magistrate Judge Roger B. Cosbey denied that motion in an order dated December 20, 2007 (DE #52).

CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Rule to Show Cause, filed by Plaintiff, Kevin D. Miller, on December 13, 2007 (DE #47), is **DENIED**.  The Court **WARNS** Account Management Services' counsel that she is expected to continue to mail every future filing in this case to Plaintiff by first class United States mail, postage prepaid.

**DATED: January 8, 2008**                  /s/ RUDY LOZANO, Judge
                                            **United States District Court**