UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| KEVIN D. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.  1:07-CV-00231 |
| | ) | |
| ACCOUNT MANAGEMENT SERVICES, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On September 10, 2007, *pro se* Plaintiff Kevin D. Miller filed this suit contending that Defendants violated his privacy rights and various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*., and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. (Docket # 1.)  Discovery has not yet commenced in this action.

Now before the Court is a motion (Docket # 61) filed by Miller on February 6, 2008, pursuant to Federal Rule of Civil Procedure 56(f), requesting to conduct discovery in order to prepare his response to a motion for summary judgment filed by Defendant Account Management Services, LLC ("AMS") on January 28, 2008 (Docket # 59).[1]  AMS failed to respond to Miller's motion, and the time to do so has now expired.  For the reasons stated herein, Miller's Rule 56(f) motion will be GRANTED.

---

[1] Despite AMS captioning its motion as "Account Management Services, LLC, a New York Limited Liability Company's Motion to Dismiss for Failure to State a Claim, or in the Alternative, for Summary Judgment", AMS concedes that it really is a summary judgment motion because it attaches the Affidavit of Carl A. Steinbrenner. (*See* AMS's Mem. in Supp. of Its Mot. for Summ. J. 3, Ex. A); *see also* Fed. R. Civ. P. 12(b)(6).

### *A.  Legal Standard*

Federal Rule of Civil Procedure 56(f) provides that a summary judgment motion may be continued if the non-movant has not had an opportunity to take adequate discovery. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006); *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996).  "Rule 56(f) is intended as a safeguard against a premature grant of summary judgment . . . ; thus we should construe the rule liberally and not find violations on rigid technical grounds." *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994); *see also Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3rd Cir. 2007) ("District courts usually grant properly filed Rule 56(f) motions as a matter of course." (citation omitted)); *Culwell v. City of Fort Worth*, 468 F.3d 868, 872 (5th Cir. 2006) ("[Rule 56(f)] motions are broadly favored and should be liberally granted."); *Simas v. First Citizens' Fed. Credit Union*, 170 F.3d 37, 46 (1st Cir. 1999) ("When all . . . requirements [of a Rule 56(f) motion] are satisfied . . . a strong presumption arises in favor of relief . . . [and the movant] should be treated liberally." (citation omitted)).

The Seventh Circuit requires a party seeking the protection of Rule 56(f) to make a good faith showing that it cannot respond to the movant's affidavits. *Kalis v. Colgate-Palmolive* Co., 231 F.3d 1049, 1058 n.5 (7th Cir. 2000); *Neal v. Dana Corp.*, No. 1:01-CV-393, 2002 WL 32144315, at *1 (N.D. Ind. June 5, 2002).  This requires the filing of an affidavit by the non-movant, articulating the reasons why it is unable to submit the necessary material to the court. *Deere*, 462 F.3d at 706; *Kalis*, 231 F.3d at 1058 n.5; *Neal*, 2002 WL 32144315, at *1.  The non-movant must also identify the material facts that it anticipates discovering. *See Grundstad v. Ritt*, 166 F.3d 867, 873 (7th Cir. 1999) (finding vague assertions that discovery would develop

2

genuine issues of material fact insufficient to grant continuance); *Neal*, 2002 WL 32144315, at

\*1.  Additionally, a plaintiff must show that it has not been dilatory in pursuing discovery.[2]

*Kalis*, 231 F.3d at 1058 n.5; *Neal*, 2002 WL 32144315, at \*1.

### *B.  Analysis*

In the affidavit filed with his motion, Miller adequately conveys the reasons why he is

unable to respond to AMS's motion for summary judgment, *see Deere*, 462 F.3d at 706; *Kalis*,

231 F.3d at 1058 n.5; *Neal*, 2002 WL 32144315, at \*1, and reasonably  identifies the material

facts that he anticipates discovering, *see Grundstad*, 166 F.3d at 873; *Neal*, 2002 WL 32144315,

at \*1.  Thus, Miller's request under Rule 56(f) fairs well when analyzed under the applicable

legal standard.

To explain, in its motion for summary judgment, AMS contends that it could not possibly

have accessed Miller's credit information on April 19, 2004, as Miller claims, because AMS was

not formed until September 20, 2004, and "is an inactive shell company which conducts no

business." (Mem. in Supp. of Mot. to Dismiss for Failure to State a Claim, or in the Alternative,

for Summ. J. 1-2.)  Therefore, as AMS sees it, Miller's complaint fails to state a claim as to

AMS. (*Id.*)  According to his affidavit, Miller ostensibly wants to conduct discovery into AMS's

date of organization and its business activities in order to effectively respond to AMS's assertion

that it could not possibly have accessed his credit information on April 19, 2004. (Miller Aff. ¶

---

[2] Relevant factors to consider include "(1) the length of the pendency of the case prior to the Rule 56(f) request; (2) whether and when plaintiff could have anticipated its need for the requested discovery; (3) the previous efforts, if any, made by plaintiff to obtain the needed information either through discovery or otherwise; (4) the degree and nature of discovery already undertaken; (5) any limitations placed upon discovery previously by the trial court; (6) any prior solicitations of or provisions for discovery by the trial court; (7) any warning which plaintiff might have had that, absent a speedier request, discovery might be denied and his claim dismissed; and (8) whether the requested information was inaccessible to plaintiff." *Neal*, 2002 WL 32144315, at \*2 (quoting *Theotokatos v. Sara Lee Pers. Prods.*, 971 F. Supp 332, 344 (N.D. Ill. 1997)).

4.)

Clearly, Miller has not been dilatory in pursuing discovery, since discovery has not yet commenced in this action. *Kalis*, 231 F.3d at 1058 n.5; *Neal*, 2002 WL 32144315, at *1. Moreover, AMS has not responded to Miller's motion, and the time to do so has now expired; thus, AMS apparently does not object to Miller's request.

Consequently, because the law requires some liberality with respect to Rule 56(f) motions, *King*, 26 F.3d at 726, the Court will grant Miller's Rule 56(f) Motion so that he may perform the discovery outlined in the motion.

### *C.  Conclusion*

For the reasons stated herein, Miller's Rule 56(f) motion (Docket # 61) is GRANTED. Miller shall have until May 1, 2008, to conduct the discovery outlined in his Rule 56(f) Motion and until May 15, 2008, to file his response to AMS's motion for summary judgment (Docket # 59).

SO ORDERED.

Enter for this 29th day of February, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge