```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF INDIANA
                        FORT WAYNE DIVISION


KEVIN D. MILLER,                    )
                                    )
Plaintiff,                          )
                                    )
vs.                                 )    NO. 1:07-CV-231
                                    )
ACCOUNT MANAGEMENT                  )
SERVICES, et al.                    )
                                    )
Defendants.                         )
```

## OPINION AND ORDER

This matter is before the Court on the Motion to File First Amended Complaint, filed by pro se Plaintiff, Kevin Miller, on March 19, 2008. For the reasons stated above, the motion is **GRANTED IN PART** and **DENIED IN PART**. In accordance with this order, the motion is **GRANTED** with respect to the following claims of Plaintiff: (1) adding Account Management Services of North America, LLC as a defendant; (2) adding an alternative theory of liability against MCG; (3) adding GFS as a named defendant; (4) adding additional theories of liability against MCG and FNCB; and (5) adding vicarious liability claims against LVNV and Resurgent. The motion is **DENIED** as to Plaintiff's proposed addition of an alternative theory of liability against FRS. The Plaintiff is **GRANTED LEAVE** to file with this Court an Amended Complaint in accordance with this order **on or before June 24, 2008**.

BACKGROUND

This case involves allegations of violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*; violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and invasion of privacy. Plaintiff filed his complaint in this action on September 10, 2007. Defendants Resurgent Capital Services, LP ("Resurgent"), LVNV Funding, LLC ("LVNV"), Financial Recovery Services, Inc. ("FRS"), Merchant's Credit Guide Company ("MCG"), Unifund Corporation ("Unifund"), and First National Collection Bureau Inc. ("FNCB") filed answers.

Miller filed the instant motion to amend his complaint on March 19, 2008. Miller seeks to amend the complaint on the following bases: (1) he seeks to add as a named defendant Account Management Services of North America, LLC, on the basis that Miller claims it shared common elements and operated as one business enterprise as Account Management Services, LLC (a previously named Defendant); (2) recent disclosures gave rise to an alternative theory of liability against MCG (a previously named Defendant); (3) recent disclosures gave rise to an alternative theory of liability against FRS (a previously named Defendant); (4) he seeks to add as a named defendant Genesis Financial Solutions, Inc. ("GFS"); (5) additional theories of liability against MCG and FNCB; and (6) claims of vicarious liability against LVNV and Resurgent for MCG and FRS's alleged violations of the FCRA and FDCPA.

LVNV, Resurgent, and FRS (collectively "Defendants") filed a memorandum in opposition to Plaintiff's motion fo file his first amended complaint on April 2, 2008. Defendants argue that Plaintiff's motion fails because the amendments sought are: (1) futile and without merit; (2) would prejudice Defendants; and (3) brought after undue delay.

DISCUSSION

Federal Rule of Civil Procedure 15 governs amendments to pleadings and provides, in relevant part:

> (1) **Amending as a Matter of Course.** A party may amend the party's pleading once as a matter of course:
>
> > (A) before being served with a responsive pleading; or
> >
> > (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
>
> (2) **Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a) (emphasis in original). Because responsive pleadings have been served in this case, Miller needs leave from this Court to amend his complaint.

The United States Supreme Court explained the term "freely given" as follows:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or

>     dilatory motive on the part of the movant,
>     repeated failure to cure deficiencies by
>     amendments previously allowed, undue prejudice
>     to the opposing party by virtue of allowance
>     of the amendment, futility of amendment, etc.-
>     the leave sought should, as the rules require,
>     be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the plaintiff should be afforded an opportunity to test the claim on the merits. *See Foman*, 371 U.S. at 182. Futility is generally measured by whether the amendment can withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Peoples v. Sebring Capital Corp.*, 209 F.R.D. 428, 430 (N.D. Ill. 2002). If a summary judgment motion is pending, futility may be shown with reference to the entire summary judgment record.[1] *Sebring Capital*, 209 F.R.D. at 430. The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th

---

[1] Two summary judgment motions have been filed in this case. On November 9, 2007, LVNV, Resurgent, and FRS filed a motion for judgment on the pleadings or alternatively for summary judgment. This motion has been fully briefed by the parties and remains pending. Also pending before this Court is the motion to dismiss for failure to state a claim, or in the alternative, for summary judgment, filed by Defendant, Account Management Services, LLC, on January 28, 2008. In an order dated February 29, 2008, Magistrate Judge Roger B. Cosbey granted Plaintiff time to conduct discovery before his response was due on May 15, 2008. On May 15, 2008, Plaintiff filed a notice that he would not be filing a response to this motion. Therefore, the record is complete on this motion.

Cir. 1990).

### Adding Account Management Services of North America, LLC, as a Defendant

First, Miller seeks to add Account Management Services of North America, LLC, as a defendant, arguing that it operated as one business enterprise with the previously named defendant, Account Management Services, LLC. The only vague objection stated by Defendants to this addition is that "[i]f Plaintiff is allowed to sit back and not pay his bills, wait for other agencies and/or creditors to obtain his credit report, and then move to amend, this case could continue for years." (Mem. in Opp. to Pl.'s Mot. to File First Am. Compl., p. 8.) The Court believes that Miller has not unduly delayed in seeking to add Account Management Services of North America, LLC as a defendant, nor will the addition unduly prejudice the other defendants. This case just commenced in September of 2007, and the Court believes discovery is in its beginning stages. Therefore, Miller is granted leave to add Account Management Services of North America, LLC as a defendant.

### Alternative Theory of Liability Against MCG

Miller alleges in his complaint that MCG obtained his personal credit information from Experian. (Compl. ¶ 18.) MCG allegedly told Miller that it was attempting to collect a debt on behalf of LVNV and/or Resurgent. (Compl. ¶ 19.) Therefore, Miller asserts

5

that MCG was liable under Section 1681b(f)(2) and 1681e(e)(1)(A) of the FCRA for failing to disclose to Experian the identities of LVNV and/or Resurgent as potential and/or end-users of his personal credit information.  (Compl. ¶¶ 34, 35.)  LVNV and Resurgent submitted affidavits in which they denied that LVNV and Resurgent were the persons on whose behalf MCG obtained Miller's consumer report information.  (*See* Anders Aff. ¶ 8 [DE #10-2]; Shinovich Aff. ¶ 8 [DE #11-2].)  Miller argues that this affidavit testimony suggests that MCG used or obtained Miller's personal credit information without a permissible purpose, in violation of Section 1681b(f)(1), giving rise to alternate theories of liability.  (First Am. Compl., ¶¶ 57a-e.)

Defendants only address this proposed amendment in a footnote, contending "it appears that Plaintiff is attempting to assert that if one pulls a credit report while attempting to collect on an account owned by another, the owner of the account is the intended user.  Such a theory fails when one considers that a collector may pull a credit report for its purpose of collecting the debt, without any intention of sharing the credit report with the creditor."  (Mem. in Opp. to Pl.'s Mot. to File First Am. Compl., p. 5, n.2.)  This argument is vague, convoluted, and unsupported by any case law.  Therefore, the amendment is allowed.

Alternative Theory of Liability Against FRS

6

Miller claims that based upon FRS's disclosures, FRS failed to disclose to TransUnion the identity of LVNV and/or Resurgent as prospective and/or end-users of Miller's personal credit information (First Am. Compl. ¶¶ 36-40); therefore, FRS is liable to Miller under Sections 1681b(f)(2) and/or 1681e(e)(1)(A). (First Am. Compl. ¶¶ 59-60.)

In response, Defendants claim that another Court in this jurisdiction has recently addressed and rejected a similar motion to amend on this issue, and granted summary judgment as to the collector defendant. *See Miller v. Wolpoff & Abramson*, No. 1:06-cv-207-TS, 2007 WL 2694607 (N.D. Ind. Sept. 7, 2007). In *Miller*, the same plaintiff as in this case (Kevin Miller) attempted to amend his complaint by adding new theories of liability, including his claim that section 1681b(f)(2) was violated because the collection firm did not comply with section 1681e(e), which governs the receipt of a consumer report "for resale." The Court held that because section 1681e(e) only dealt with the procurement of a credit report for the purpose of reselling, and the collection firm was not a reseller, a claim asserting violations of section 1681b(f)(2) was not viable. *Miller*, 2007 WL 2694607, at *12. FRS was acting as a debt collector in this action, similar to the firm in *Miller*. There is no evidence in the record that FRS was acting as a reseller. Therefore, this proposed amendment as to an additional theory of liability against FRS is futile and this

7

amendment is **DENIED**.

### Adding Genesis Financial Solutions, Inc. as a Defendant

Miller claims that after he initiated this action, he learned that a new defendant, Genesis Financial Solutions, Inc., ("GFS") obtained his personal credit information allegedly without a permissible purpose or without disclosing to the consumer reporting agency the identity of the person on whose behalf it obtained the information.  Defendants do not directly address the addition of GFS.  The claims asserted against GFS in the proposed first amended complaint are identical to claims asserted against current defendants in this case, and taking into account the liberal standard allowing amendments, this Court grants this amendment.

### Additional Claims and Theories of Liability Against MCG and FNCB

Miller seeks to add additional theories of liability against MCG and FNCB under Section 1681q.  (*See* First Am. Compl. ¶¶ 57e, 68e.)  Defendants do not object.  Therefore, the Court will allow this amendment.

Miller seeks to add alternative theories of liability against Unifund, Genesis or FNCB, on the basis that one of these defendants may have used or obtained his personal credit information for the purpose of collecting a debt on behalf of some unknown third party. Defendants do not object.  Therefore, the Court will allow this

8

amendment.


Claims For Vicarious Liability Against LVNV and Resurgent

Lastly, Miller also adds claims of vicarious liability against LVNV and Resurgent (*see* First Am. Compl. ¶¶ 61-64), arguing that LVNV and Resurgent are vicariously liable for any violations of the FDCPA and FCRA by entities that attempted to collect on the debt owned by LVNV.  Defendants claim this amendment is futile, generally referring the Court back to the argument in support of their joint motion for judgment on the pleadings or alternatively for summary judgment.  However, Defendants fail to address whether LVNV or Resurgent can be vicariously liable for MCG or FRS's alleged actions, or liability under Section 1692 of the FDCPA.  Defendants have not shown that these added counts fail to state a claim, thus they have not demonstrated futility.  Moreover, undue prejudice has not been shown at this relatively early stage of the litigation.  Consequently, this amendment will be allowed.


**DATED: June 3, 2008**                                  **/s/ RUDY LOZANO, Judge**
                                                         **United States District Court**